E-FILED
Friday, 14 December, 2012  11:47:12 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAY AITKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DEBT MANAGEMENT PARTNERS, LLC and | ) |
| AUDUBON FINANCIAL GROUP, LLC, also | ) |
| known as AUDUBON FINANCIAL BUREAU, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Jay Aitken brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Debt Management Partners, LLC and Audubon Financial Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendants' collection communications were received by plaintiff within this District;

    b.  Defendants do or transact business within this District.

### PARTIES

4.  Plaintiff Jay Aitken is an individual who resides in this District and Division.

5.  Defendant Debt Management Partners, LLC is a limited liability company chartered under Delaware law with offices at 200 John James Audubon Parkway, Suite 304, Amherst, NY 14068. Its registered agent and office is Zdarsky, Sawicki & Agostinelli LLP, 298

Main St., Suite 404, Buffalo, NY 14202.

6. Debt Management Partners, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others. It describes itself as "a buyer of charged off consumer receivables."

7. Debt Management Partners, LLC is a debt collector as defined in the FDCPA.

8. Defendant Audubon Financial Group, LLC is a limited liability company organized under New York law with offices in Suite 301 of the same building occupied by Debt Management Partners, LLC. Its registered agent and office is Corey J. Hogan, One John James Audubon Parkway, Suite 210, Amherst, NY 14228. It sometimes calls itself Audubon Financial Bureau.

9. Audubon Financial Group, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10. Audubon Financial Group, LLC is a debt collector as defined in the FDCPA.

**FACTS**

11. Defendant Debt Management Partners, LLC and Audubon Financial Group, LLC have been attempting to collect from plaintiff Jay Aitken an alleged payday loan debt incurred for personal, family or household purposes and not for business purposes.

12. Defendant Debt Management Partners, LLC spoke with plaintiff by telephone on or about August 3, 2012 and represented that nonpayment of a payday loan was a felony.

13. Representatives of Debt Management Partners, LLC and Audubon Financial Group, LLC called plaintiff on July 31, 2012, August 3, 2012, August 6, 2012, August 7, 2012, August 8, 2012, August 9, 2012, August 10, 2012, August 13, 2012, and August 14, 2012 leaving messages of which the following is typical:

> Hi, this message is for Jay. This is Monica calling about our offer. We need to speak with you immediately. If we don't hear from you this morning we will be submitting all the paperwork. Please contact us at our office at 1-888-896-2115 ext. 111. If we do not hear from you, you will be served at your home or place of employment.

14. No lawsuit was filed.

15. The number 888-896-2115 is answered "AFB," meaning Audubon Financial Bureau.

16. In November 2012, defendant Audubon Financial Group, LLC called plaintiff's mother and father on multiple occasions and left messages stating that they should contact Audubon.

17. In November 2012, defendant Debt Management Partners, LLC called plaintiff's father on multiple occasions and left messages about the alleged debt.

18. Plaintiff was aggravated, harassed and embarrassed by defendants' communications.

19. Defendants' communications are part of a pattern and practice of similar communications. The following cases have been filed alleging that consumers were told that lawsuits were imminent or that they had committed criminal violations by not paying debts:

    a. *Senter v. Audubon Financial Bureau, LLC*, 1:12cv2836-PAG (N.D.Ohio.);

    b. *McGuire-Pike v. Audubon Financial Bureau, LLC*, 1:12cv945-MV-ACT (D.N.M.);

    c. *Alvarado v. Audubon Financial Group, LLC*, 1:12cv23235 (S.D.Fla.);

    d. *Smith v. Audubon Financial Group, LLC*, 1:12cv8944 (N.D.Ill.);

    e. *Lebeda v. Audubon Financial Group, LLC*, 1:12cv6187 (N.D.Ill.);

    f. *Penning v. Debt Management Partners*, 1:12cv1009 -RJJ (W.D.Mich.).

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. The August 3, 2012 call from Debt Management Partners, LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), and 1692e(10).

22. Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general**

**application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; . . .**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23.  The calls to plaintiff's parents violated 15 U.S.C. §1692c.

24.  Section 1692c provides:

**§ 1692c.  Communication in connection with debt collection**

**. . . (b) Communication with third parties.  Except as provided in section 804 [*15 U.S.C. § 1692b*], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)     Attorney's fees, litigation expenses and costs of suit;

    (4)    Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

25.  Plaintiff incorporates paragraphs 1-19.

26.  Defendant is a "collection agency" as defined in the Illinois Collection


Agency Act, 225 ILCS 425/1 et seq.

27. Defendants violated the following provisions of 225 ILCS 425/9:

**. . . (11) Threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists. . . .**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

28. Defendants violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. . . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

29. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

(1) Compensatory and punitive damages;

(2) Costs;

(3) Such other and further relief as is appropriate.

## COUNT III – INVASION OF PRIVACY

30. Plaintiff incorporates paragraphs 1-19.

31. Defendants violated plaintiff's right to seclusion.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant for:

      (1)    Actual damages, including general damages;

      (2)    Punitive damages;

      (3)    Costs of suit;

      (4)    Such other or further relief as the Court deems proper.

## COUNT IV – CONSUMER FRAUD ACT

32. Plaintiff incorporates paragraphs 1-19.

33. Defendants engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by representing that plaintiff had committed a crime and by informing plaintiff's family members of the debt.

34. Defendants engaged in such conduct in the course of trade and commerce.

35. Defendants engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

      (1)    Actual damages;

      (2)    Punitive damages;

      (3)    An injunction against further violation;

      (4)    Attorney's fees, litigation expenses and costs of suit;

      (5)    Such other or further relief as the Court deems proper.

                              s/Daniel A. Edelman
                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service:  courtecl@edcombs.com

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

*[signature]*
_____
Jay Aitken

8

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman