IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAY AITKEN,<br>    Plaintiff,<br><br>v.<br><br>DEBT MANAGEMENT PARTNERS, LLC and AUDUBON FINANCIAL BUREAU,<br>    Defendants. | Case No. 1:12-cv-01511-JEH |

### Order

Now before the Court are the Plaintiff's Motion *in Limine* (Doc. 58), and the Defendants' Motions *in Limine* Nos. 1-3 (Doc. 59) and Motion i*n Limine* No. 4 (Doc. 61). The Motions are fully briefed, and for the reasons set forth below, the Plaintiff's Motion *in Limine* is GRANTED IN PART and DENIED IN PART, the Defendants' Motions *in Limine* Nos. 1-3 is GRANTED IN PART AND DENIED IN PART, and the Defendants' Motion i*n Limine* No. 4 is GRANTED.

**I**

The Plaintiff filed this lawsuit on December 14, 2012, and he filed his Second Amended Complaint on April 18, 2013 against Debt Management Partners, LLC, Audubon Financial Bureau, LLC, and Fanelli and Associates LLC[1] alleging violations of the Fair Debt Collection Practices Act, 15 USC 1692 *et seq*. (FDCPA), the Illinois Collection Agency Act (ICAA), and the Illinois Consumer Fraud Act (ICFA). Specifically, the Plaintiff alleged that he received voice messages in violation of the FDCPA, ICAA, and the ICFA. The Plaintiff and Defendants filed Motions for Summary Judgment on May 14, 2014. On October

---

[1] Defendant Fanelli and Associates LLC was voluntarily dismissed on June 14, 2013.

28, 2014, the Court denied the Defendants' Motion for Summary Judgment and granted in part and denied in part the Plaintiff's Motion for Summary Judgment. After the Final Pretrial Conference on January 12, 2015, the parties filed their Motions *in Limine*. Because there is no objection to the Plaintiff's Motion *in Limine* nos. III, IV, and V and no objection to the Defendants' Motions *in Limine* nos. 1, 2, and 4, all of those Motions are granted. The Plaintiff's Motion *in Limine* nos. I and II and the Defendants' Motion i*n Limine* no. 3 are all disputed.

## II

### A

In his Motion *in Limine* No. I, the Plaintiff seeks to bar the Defendants from contesting certain facts that he argues they previously admitted during the course of this litigation, such that the Defendants' admissions constitute judicial admissions. The Defendants counter that [Federal Rule of Civil Procedure 56](#) does not automatically bind them to facts established for the purposes of summary judgment. [FRCP 56(g)](#) provides: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." The Advisory Committee Notes for [FRCP 56(g)](#) state:

> Subdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion. Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute. The court must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and

prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

In light of the FRCP 56(g) Committee Notes and case law within the Seventh Circuit, the Court finds that the Defendants' statements identified in the Plaintiff's Motion *in Limine* will not serve as judicial admissions at trial. Notably, the Defendants did not outrightly admit many of the identified statements. While judicial admissions must be "deliberate, clear, and unambiguous," here, the Defendants conditioned many of their responses rather than deliberately, clearly, or unambiguously admitting the statements. *Keller v United States of America*, 58 F3d 1194, 1198 n8 (7th Cir 1995). In response to the identified statements 1, 2, 3, 4, 5, 6, 7, 16, 30, and 33, the Defendants expressly stated that those "facts" were immaterial. In response to the identified statements 26 and 32, the Defendants indicated the ways in which those statements were incomplete. Given such conditioned responses and under the authority of FRCP 56(g), the Court does not find those statements to constitute judicial admissions. See FRCP 56(g) (providing that the court *may* enter an order stating that any material fact not genuinely disputed will be treated as established in the case) (emphasis added); see also *Brown v Navarro*, 2012 WL 3987427, *3 (ND Ill)

(explaining that nothing in FRCP 56 "provides that facts deemed admitted for purposes of evaluating a pending summary judgment motion are also deemed admitted for *other* purposes, such as another party's later motion for summary judgment, or trial") (emphasis in original); *CIVIX-DDI, LLC v Hotels.com, LP*, 2012 WL 6591684, *9 (ND Ill) (stating that "Rule 56 . . . does not automatically bind parties to facts established for the purposes of summary judgment, although a court may establish a fact in the case by entering an order").

Though the Defendants simply admitted identified statements 19, 22, 24, 25, 28, 29, 31, 34, 35, and 44 and identified 20 as an "undisputed material fact," the Court once again finds that under the authority of FRCP 56(g) and the considerations set forth in the Committee Notes to FRCP 56(g), those statements are not judicial admissions to which the Defendants are bound at trial. See FRCP 56(g) Advisory Committee Notes ("A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes"). Accordingly, the Plaintiff's Motion *in Limine* No. I is denied.

In his Motion *in Limine* No. II, the Plaintiff seeks to bar the Defendants from referring to his settlement with Fanelli & Associates, LLC as irrelevant. The Defendants counter that they should be allowed to cross examine the Plaintiff as to why he believes their conduct is worth so much more in damages than Fanelli's. The Court finds that the Plaintiff's settlement with Fanelli & Associates, LLC is irrelevant to the issues to be tried in this case, and so the Plaintiff's Motion *in Limine* No. II is granted.

**B**

In the Defendants' Motion *in Limine* No. 3, they seek to bar evidence and/or argument concerning the Plaintiff's conversations with deceased witnesses. They argue that such conversations are hearsay which do not fall within any of the exceptions to the rule against hearsay. The Plaintiff counters that his conversations with his deceased father and neighbor are allowed under [Federal Rule of Evidence 801(d)(1)(B)(ii)](#) which allows the admission of prior consistent statements "to rehabilitate the declarant's credibility as a witness when attacked on another ground." The Plaintiff also argues that the Defendants cannot object to testimony with respect to the conversations because the Defendants previously conceded that the conversations took place. The Plaintiff additionally argues that the conversations are not hearsay to the extent they are not offered for the truth of the matter asserted but, rather, they are offered to show his state of mind.

The Court finds that the conversations cannot be offered to prove the truth of the matters asserted in those conversations. [FRE 801(c)(2)](#) (defining hearsay). However, the Plaintiff may offer his testimony as to what he may have said to his deceased father or deceased neighbor only to show the Plaintiff's state of mind, as the Plaintiff's state of mind is relevant to the issue of whether the Plaintiff suffered emotional distress as a result of the Defendants' alleged actions. Therefore, the Defendants' Motion *in Limine* No. 3 is denied. However, any testimony by Plaintiff as to conversations with his deceased father and deceased neighbor may only be elicited to the extent that they show the Plaintiff's state of mind.

**III**

For the reasons set forth above, the Plaintiff's Motion *in Limine* ([Doc. 58](#)) is GRANTED IN PART and DENIED IN PART. The Plaintiff's Motion is granted

as to Nos. II, III, IV, and V, and denied as to No. I. The Defendant's Motions *in Limine* Nos. 1-3 ([Doc. 59](#)) is GRANTED IN PART AND DENIED IN PART. The Motion is granted as to Nos. 1 and 2, and is denied as to No. 3. Motion *in Limine* No. 4 ([Doc. 61](#)) is GRANTED.

Entered on February 2, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
